IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SHEIK PEARSON, # 54367-037 :

    Petitioner :

v :    Civil Action No. CCB-14-3792
      (Related Crim. Case: CCB-12-077)

UNITED STATES OF AMERICA :

    Respondent :

o0o

## MEMORANDUM

The above-captioned motion to vacate was signed on November 20, 2014, and received by the Clerk on December 4, 2014. (ECF 202). Petitioner Sheik Pearson seeks to challenge his December 17, 2013, judgment of conviction for money laundering conspiracy for which he received a sentence of thirty-six months of imprisonment. (ECF 176). A notice of appeal, filed on December 23, 2013, remains pending. (ECF 178). *See United States v. Pearson*, No. 13-4982 (4th Cir. 2013).

Absent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a motion under 28 U.S.C. § 2255 while review of the direct appeal is still pending. *See e.g.*, *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (citing cases). Courts have found extraordinary circumstances (1) when a conflict exists between "state and federal authorities on a question of law involving concerns of large importance affecting their respective jurisdictions," *Bowen v. Johnston*, 306 U.S. 19, 27 (1939); (2) when the government is unable to support critical factual representations it has made on the record, *see United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981); and/or (3) when a claim of ineffective assistance of counsel can be raised only through a § 2255 motion, because the ineffectiveness is discovered during the pendency of the appeal, after the time for the new trial has lapsed, *see*

*United States v. Tindle*, 522 F.2d 689, 692-93 (D.C. Cir. 1975).

Mr. Pearson asserts that his sentence was improper, trial counsel provided ineffective assistance, and trial counsel failed to disclose a conflict of interest. (ECF 202, pp. 5-8). Mr. Pearson has not asserted that he learned of his prior counsel's alleged conflict too late to assert a claim on direct appeal based on that conflict. Accordingly, his claims do not present extraordinary circumstances that warrant consideration during the pendency of petitioner's appeal.

In addition to the above analysis, a certificate of appealability must be considered. Unless a certificate of appealability is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1). When dismissal of a motion to vacate is based solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Such a showing is not apparent here.

Accordingly, the motion will be dismissed without prejudice as premature and a certificate of appealability will be denied. A separate order follows.

December 11, 2014              _____/S/_____
Date                           Catherine C. Blake
                               United States District Judge